## McDONALD *v.* McDONALD.

1. Divorce—Decree—Effect—Construction.

Complainant filed a bill for divorce and the parties effected a reconciliation and resumed marital relations. As a condition to the adjustment of their differences, complainant secured from defendant a conveyance of his interest in some real property that they held by the entirety, and agreed to give back a mortgage for an amount that they agreed upon. The security was not delivered as agreed, and, without notice to defendant, the wife filed a supplemental bill and entered his default in the divorce proceeding. He applied for and secured an order vacating the decree which the court had entered, which order provided that he pay her solicitor's fees of $150, and that the decree would become effective if this was not paid within ninety days. Defendant failed to make the payment because he had conveyed his real property to complainant, and he filed a petition to modify the decree as to attorney's fees. The court entered an order denying the prayer of the petition but granting 30 days' additional time in which to comply with the decree. During the forty-day period after this order took effect, and the decree was reinstated, defendant filed his claim of appeal. *Held*, that the decree automatically became effective on failure

to comply with its conditions and was thereafter appealable; also, that the appeal was not required to be entered within forty days of the entry of the decree, and under Act No. 299 Pub. Acts 1909, defendant took his appeal in time.

2. SAME—CONDITIONS—SOLICITOR'S FEES.

An order vacating defendant's default and permitting him to defend the proceedings was justified, and complainant's taking a decree, after promising her husband to discontinue the suit (as he claimed), was an act of bad faith and required the reopening of the case without costs or condition.

Appeal from Wayne; Van Zile, J. Submitted June 8, 1915. (Docket No. 6.) Decided March 31, 1916.

Bill by Elizabeth McDonald against James H. McDonald for a divorce. From a decree for complainant, defendant appeals. Reversed.

*Walter M. Trevor,* for complainant.

*Edward H. Kennedy,* for defendant.

BIRD, J. Complainant filed her bill in the Wayne circuit court on April 4, 1913, praying for a decree of divorce from defendant, on the ground of extreme cruelty. On the same day process issued and was duly served on the defendant. Soon thereafter the parties talked over their differences, and as a result of it, they became reconciled and resumed the marital relation. As a condition to resuming such relation, complainant demanded a conveyance of defendant's interest in two houses and lots situate on Holbrooke avenue, and valued at $5,000, which were owned by them as tenants by the entirety. This was agreed to by defendant, and the conveyances were made to her, with the understanding, as defendant asserts, that she would pay him $1,700 or secure him by mortgage on the property for

said sum. Complainant's version is that she was to pay him only $1,000. No part of the money which he was to receive was paid to him, nor was any security given. They lived together for one month only, when complainant applied for and received leave to file a supplemental bill. Defendant's default followed, and a decree was taken and filed on August 11, 1913, and complainant was awarded, as permanent alimony, the title to the premises which defendant had conveyed to her as a condition to resuming the marriage relation. Defendant claims that the filing of a supplemental bill and taking of the decree were without notice to him and without his knowledge; that he relied upon complainant's agreement that she would discontinue her divorce proceeding and her assurances afterwards that she had done so. Subsequently, he filed a petition to set aside the decree, and after a hearing thereon, the chancellor who granted the decree set it aside on October 24, 1913, but provided therein that defendant should pay her $150 as solicitor's fees within 90 days from the date of the order, in default of which payment the decree would be effective as made. The defendant claims that he was unable to make this payment, by reason of the fact that he had conveyed the premises to complainant, and that she was receiving the rents thereof, and that he was being sorely pressed to make payment of obligations that she had previously contracted, and accordingly, he filed a petition to modify the order by striking out that part of it relating to solicitor's fees. This petition came on to be heard on the 28th day of March, 1914. The prayer of the petition was denied, but complainant was given 30 days more time in which to comply with the order. Defendant did not comply with the order, but on May 12, 1914, he filed a claim of appeal from the decree and final order rendered in said cause, and gave notice thereof.

At the outset the question is raised by appellee that at the time the claim of appeal was filed there was no final order or decree in the case, and, further, that the appeal was not taken within the times fixed by law. The original decree was filed August 11, 1913. This decree was set aside and vacated for a period of three months. Subsequently, this time was extended 30 days from March 28, 1914. Defendant failing to pay the solicitor's fees, the decree automatically went into effect again, and was in effect before the claim of appeal was filed on May 12, 1914. Counsel makes the point that a claim of appeal was not filed within 40 days from the time the decree was rendered, nor within 40 days from the date of the order overruling the petition to set aside the order for solicitor's fees, and, therefore, the appeal was not taken within the time fixed by statute. Defendant had 40 days after the settlement of the case in which to file his claim of appeal. Act No. 299, Pub. Acts 1909 (3 Comp. Laws 1915, § 13754, note). There appears to be no merit in either contention.

The bill of complaint in this cause charges the defendant with a serious offense, and with conduct amounting to extreme cruelty covering several years of his married life. These charges are denied by the defendant. Independent of defendant's statement that she promised to discontinue her divorce proceeding, we are of the opinion that he was misled into believing that the proceedings would be discontinued after they had resumed their marital relations and he had conveyed the premises she demanded. This would seem to be a sufficient excuse for not entering his appearance in the divorce proceedings. As a matter of good faith, if she did not intend to be bound by the conditions and intended to revive her divorce proceeding, she should have informed him of her intentions. The taking of a decree for divorce and alimony under

these circumstances, without giving defendant an opportunity to be heard in his defense, fully justified the chancellor in setting aside the decree. We regret, however, that we are unable to agree with him that the imposition of $150 for solicitor's fees was a reasonable condition to impose. We think the chancellor must have overlooked the fact that defendant's nonappearance was not due to his inattention, carelessness, or neglect, as is usual in such cases. After they had forgiven each other and her property demands had been satisfied and the marriage relation had been resumed, he saw no necessity for entering his appearance in the suit, and in so concluding, he acted as the average layman would have acted under similar circumstances. Were this the ordinary case, where petitioner's neglect made the request necessary, it might not be unreasonable to compel defendant to pay complainant's solicitor's fees in view of a rehearing, but where defendant's failure to defend was due to complainant's lack of good faith, she ought not to profit by it now by having her solicitor paid.

The decree will be reversed and the record remanded for further proceedings in accordance with the rules and practice of the court. No costs will be allowed either party in this court.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice McALVAY took no part in this decision.